UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY, WARDEN,<br><br>Respondent. | NO. CV 16-5747-GW(AGR)<br><br>OPINION AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

On August 2, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. He challenges his 2003 conviction of several crimes in Los Angeles County Superior Court. As discussed below, the petition is barred as successive. The Court will dismiss this action for lack of jurisdiction.

**I.**

**PROCEDURAL BACKGROUND**

In 2003, a Los Angeles County Superior Court jury convicted Petitioner of several serious crimes, including oral copulation by force, false imprisonment, and criminal threats. As a "Third Strike" prior offender, he was sentenced to 85 years to life in prison. (Petition at 2.) Petitioner appealed unsuccessfully, and the

California Supreme Court denied his petition for review on January 4, 2006. (Petition at 2-3.) Although the United States Supreme Court granted certiorari and remanded to the California Court of Appeal for sentencing reconsideration in light of the post-appeal decision of *Cunningham v. California*, 549 U.S. 270 (2007), the state appellate court affirmed the judgment on December 4, 2007. (*See* Petition at 5 & Ex. D; California Appellate Courts docket for case number B177476.) The California Supreme Court denied review on February 13, 2008. (*Id.*) The United States Supreme Court denied certiorari on May 12, 2008. *Blackwell v. California*, 2008 U.S. LEXIS 4046 (2008).

Petitioner filed a prior habeas action in this Court in case number CV 08-4119-GW (AGR). On November 30, 2011, the Court entered Judgment dismissing the case with prejudice on the merits of Petitioner's claims. Both this Court and the Court of Appeals (in its case number 11-57189) denied a certificate of appealability. The Supreme Court denied certiorari. *Blackwell v. Glick*, 2009 U.S. LEXIS 2751 (2009).

In 2014 and 2015, Petitioner filed several unsuccessful state habeas petitions in the trial court, California Court of Appeal and California Supreme Court. The latter court denied his most recent state habeas petition on March 30, 2016. (Petition at 3-5 & Ex. D.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not

have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same 2003 conviction at issue in Petitioner's 2008 habeas case in this Court. If Petitioner wishes to pursue relief in federal court, he must first seek authorization from the Ninth Circuit to file a second or successive petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: November 21, 2016

GEORGE H. WU
United States District Judge